UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:00-CR-28-TS |
| | ) | |
| JAMES ERVIN | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion for a New Trial, filed on November 30, 2001. The Court heard argument on the motion prior to sentencing the Defendant on December 2, 2005, and denied the motion from the bench, stating a written opinion would be issued later.

The Defendant sought a new trial based on evidence disclosed by the government in a letter dated November 28, 2005. The letter stated that prior to the Defendant's trial, a witness in the case, Denny Arreola, was housed at Hammond City Jail and was given special treatment. The Defendant argues that this information would have been relevant in cross-examining Mr. Arreola and that Mr. Arreola's testimony was critical to the government's case. The Defendant also argues that the conduct of the Hammond City Jail is attributed to the government, and that the government committed a *Brady* violation by suppressing this information.

The Court denied the Defendant's motion, finding no *Brady* violation. The Defendant has the burden to show that the government violated *Brady* and that a new trial is necessary. *United States v. Wilson*, 237 F.3d 827 (7th Cir. 2001). A *Brady* violation exists when the evidence at issue is 1) favorable to the defendant; 2) suppressed; and 3) material to the defense. *Id.* at 832 (citing *Brady v. Maryland*, 373 U.S. 83, 87 (1963)). "Impeachment evidence as well as exculpatory evidence falls within this rule." *United States v. Souffront*, 338 F.3d 809, 818 (7th Cir. 2003) (citing

*Giglio v. United States*, 405 U.S. 150, 154 (1972)).

The Defendant failed to show that the evidence was suppressed. Evidence is not suppressed unless the government prosecutors or an agency or branch that takes part in investigating or prosecuting the matter has knowledge of the evidence. *Id.*; *United States v. Morris*, 80 F.3d 1151, 1169 (7th Cir. 1996) (stating that there is no "duty on the prosecutor's office to learn of information possessed by other government agencies that have no involvement in the investigation or prosecution at issue"). There was no evidence offered that any such agency knew of the violations taking place at the Hammond City Jail or that it should have been known by the prosecutors. Nor was there any evidence that Hammond City Jail took any role in investigating or prosecuting the Defendant. Hammond City Jail was contracted to house Mr. Arreola and other defendants, and that appears to be the extent of the Jail's involvement in the case.

Also, the Court is not convinced the evidence regarding Mr. Arreola's special treatment would be material under *Brady* could it be shown that the government suppressed the evidence. The test for materiality is whether in the absence of the suppressed evidence the Defendant received a fair trial, "understood as a trial resulting in a verdict worthy of confidence." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995). A verdict is not worthy of confidence if there is a "reasonable probability" the admission of the suppressed evidence would have resulted in a different verdict. *Id.* "A 'reasonable probability' of a different result is accordingly shown when the government's evidentiary suppression 'undermines confidence in the outcome of the trial.'" *Id.*

Here, Mr. Arreola was subject to hours of cross-examination. The jury knew that Mr. Arreola was involved in drug trafficking and the homicide along with the Defendant. It was made evident to the jury that Mr. Arreola was testifying in return for a plea agreement wherein the government

2

agreed not to proceed against Mr. Arreola for his involvement in the homicide. The most the Defendant could hope to show from the evidence regarding Mr. Arreola's special treatment is that the special treatment in Hammond City Jail was given in return for Mr. Arreola's testimony against the Defendant. However, the additional weight of that impeachment is slight taken in context with the other credibility problems already raised by the Defendant. Mr. Arreola had already been "so thoroughly impeached that additional impeachment evidence would have made no difference." *Wilson*, 237 F.3d at 833.

There being no *Brady* violation, the evidence regarding Mr. Arreola's treatment also does not warrant a new trial as newly discovered evidence. Generally, newly discovered impeachment evidence does not warrant a new trial, unless the "conviction was [] premised on the demonstrably dubious testimony of a single witness." *United States v. DePriest*, 6 F.3d 1201, 1217 (7th Cir. 1993). In this case, the Defendant was not convicted solely on the basis of the testimony of Mr. Arreola; as detailed by the government at the hearing, there was other probative evidence besides Mr. Arreola's testimony that implicated the Defendant.

For these reasons, the Defendant's motion for a new trial [DE 1457] is DENIED.

SO ORDERED on December 5, 2005.

                                                        s/ Theresa L. Springmann
                                                        THERESA L. SPRINGMANN
                                                        UNITED STATES DISTRICT COURT