# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 2:00-CR-28-TLS-18 |
| | ) | |
| JAMES ERVIN | ) | |

## OPINION AND ORDER

On December 16, 2010, the Defendant filed a pro se Motion to Stop and Suspend Restitution Payments [ECF No. 1709]. He asks that the Court-ordered restitution be stopped and suspended until he is either released from custody or until he has exhausted all further remedies. He represents to the Court that the amount owed as restitution continues to grow as interest charges are added to the balance and that he has not been able to secure prison industry employment paying a wage sufficient to reduce the principal balance. The Defendant states that, as a consequence, he is going further into debt.

On December 28, the Government filed a Response [ECF No. 1710], opposing the Defendant's Motion. The Government argues that 18 U.S.C. § 3664(n) provides that the Defendant's obligation to pay restitution continues during his period of incarceration, that the Judgment directs that restitution payments be in accordance with the Bureau of Prisons' Financial Responsibility Program (IFRP), and that under *United States v. Sawyer*, 521 F.3d 792, 796 (7th Cir. 2008), payments until release should be handled through the IFRP rather than under the Court's auspices. Thus, the Government contends that deferral of restitution payments is not warranted. The Government also asserts that waiver of interest is not warranted at this time.

In December 2005, the Court, upon the Defendant's conviction for numerous drug and

firearm violations, sentenced him to life imprisonment plus sixty years. As part of his sentence, the Court ordered the Defendant to pay restitution in the amount of $8114.39 and a special assessment in the amount of $1100.00, for a total of $9214.39. Regarding the payment of the criminal monetary penalties, the Court ordered:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
> Lump sum payment of $9,214.39 due immediately, balance due in accordance [with] [s]pecial instructions . . . :
> The defendant shall make restitution payment toward the total amount of $8,114.39 from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the special assessment of $1,100.00 that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision. The defendant shall pay toward restitution and special assessment at a rate of $10.00 per month.
> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
> The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

(Judgment, ECF No. 1471 at 7.) In its Response, the Government represents to the Court that the Defendant paid $250 toward the special assessment, that further liability to pay the special assessment has expired, and that the balance of the special assessment has been written off.

The Defendant has cited no statutory authority or case law in support of the relief he is requesting. The Defendant has not shown that the Court erred in ordering the Defendant to pay restitution by nominal periodic payments of $10.00 as part of the his sentence. *See* 18 U.S.C. § 3664(f)(3)(A) & (B) (authorizing a court to order the defendant to make a single lump-sum payment, reasonable periodic payments, or nominal periodic payments); *United States v. Hosking*, 567 F.3d 329, 336 (7th Cir. 2009) ("The court is [] required to craft its restitution order

'pursuant to [18 U.S.C. §] 3572,' [18 U.S.C.] § 3664(f)(2), which provides that '[a] person sentenced to pay a fine or other monetary penalty, including restitution, shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or installments.' 18 U.S.C. § 3572(d)(1).") (emphasis omitted). Under federal law, the Defendant's obligation to pay restitution continues during his incarceration. *See* 18 U.S.C. § 3664(n) ("If a person obligated to provide restitution . . . receives substantial resources from any source . . . during a period of incarceration, such person shall be required to apply the value of such resources to any restitution . . . still owed."). A federal statute provides that the Defendant must pay interest on the restitution, unless specifically waived by the Court or the Attorney General. *See* 18 U.S.C. § 3612(f)(1) (stating that "[t]he defendant shall pay interest on any . . . restitution of more than $2,500"); 18 U.S.C. § 3612(f)(3)(A) (authorizing a court to waive the requirement for interest if it determines that the defendant does not have the ability to pay interest); 18 U.S.C. § 3612(h) (authorizing "[t]he Attorney General to waive all or part of any interest under this section . . . if, as determined by the Attorney General, reasonable efforts to collect the interest . . . are not likely to be effective"). Neither the Court nor the Attorney General has waived payment of interest in this case, and evidence of his inability to pay interest has not been placed before the Court for determination. For these reasons, the Court will deny the Defendant's Motion without prejudice.

The Defendant's Motion has not addressed the question of his participation in the Bureau of Prisons' IFRP, and the Government has not addressed that issue in its Response. In *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010), the Seventh Circuit held that participation in the IFRP is voluntary. The Court will not address this issue sua sponte in this Opinion and Order,

but will grant the Defendant leave to file a motion addressing the issue.

For the foregoing reasons, the Court DENIES WITHOUT PREJUDICE the Defendant's pro se Motion to Stop and Suspend Restitution Payments [ECF No. 1709] and GRANTS the Defendant leave to file on or before February 21, 2011, a motion addressing his participation in the IFRP, if he chooses to do so.

SO ORDERED on January 5, 2011.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT