# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:00-CR-28-TLS-18 |
| | ) | |
| JAMES ERVIN | ) | |

## OPINION AND ORDER

On February 16, 2011, the Defendant filed a pro se Motion Addressing Petitioner's Right not to Voluntarily Participate in the Bureau of Prison's I.F.R. Program [ECF No. 1715].

In December 2005, the Court, upon the Defendant's conviction for numerous drug and firearm violations, sentenced him to life imprisonment plus sixty years. As part of his sentence, the Court ordered the Defendant to pay restitution in the amount of $8114.39 and a special assessment in the amount of $1100.00, for a total of $9214.39. Regarding the payment of the criminal monetary penalties, the Court ordered:

> Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
> Lump sum payment of $9,214.39 due immediately, balance due in accordance [with] [special instructions] . . . :
> The defendant shall make restitution payment toward the total amount of $8,114.39 from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the special assessment of $1,100.00 that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision. The defendant shall pay toward restitution and special assessment at a rate of $10.00 per month.
> Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.
> The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

(Judgment, ECF No. 1471 at 7.)

In his Motion, the Defendant indicates that he does not wish to participate in the Bureau of Prisons (BOP) Inmate Financial Responsibility Program (IFRP). He asks that the Court-ordered restitution be stopped and suspended until he has exhausted remedies related to his efforts to obtain release from custody. He also wants to ensure that no adverse consequence result from his decision not to participate in the IFRP. On March 4, the Government filed a Response [ECF No. 1720]. The Government agrees that the Defendant's judgment should be modified based upon *United States v. Boyd*, 608 F.3d 331, 335 (7th Cir. 2010), so that the BOP will view his participation in its IFRP as voluntary and not mandated. The Government states that it has no objection to the Court modifying the judgment to correct any ambiguity. However, the Government asks that the Defendant's Motion otherwise be denied and explains that the BOP is authorized to deny an inmate privileges if he refuses to participate in a voluntary IFRP and that these issues are administrative and should be handled by the BOP, not the district court. On March 16, the Defendant filed a Reply [ECF No. 1721].

The Seventh Circuit's recent holdings in *United States v. Boyd*, 608 F.3d 331 (7th Cir. 2010), and *United States v. Munoz*, 610 F.3d 989 (7th Cir. 2010), make clear that the IFRP is a voluntary program and that a district court does not have the authority to order a defendant's participation in the IFRP, *Boyd*, 608 F.3d at 335; *Munoz*, 610 F.3d at 997. A court commits error when it includes language in the judgment that the defendant "shall" participate in the IFRP, and such an order cannot be enforced as written. *Boyd*, 608 F.3d at 334–35. The straightforward solution to such an error is to modify the judgment to clarify that the Defendant's participation in the IFRP is voluntary. *Id.* at 335 (stating that a simple modification in the district court's sentence would suffice to correct the error where there was no indication that the judge linked

participation in the IFRP to other aspects of the sentence); *Munoz*, 610 F.3d at 997 (same); *United States v. Bedoya*, 393 Fed. Appx. 396, 398 (7th Cir. 2010) (stating that the issue created by the inclusion of mandatory participation language in the judgment was "straightforward and easily remedied" and that the court would "modify the district court's judgment to clarify that [the defendant's] participation in the IFRP is voluntary"). Accordingly, the Court will modify its judgment to reflect that the Defendant's participation in the IFRP is voluntary.

The Seventh Circuit in *Boyd* explained that, although participation in the IFRP is voluntary and cannot be compelled, "an inmate in the Bureau of Prisons' custody may lose certain privileges by not participating in the IFRP." *Id.*, 608 F.3d at 334 (citing approvingly *United States v. Lemoine*, 546 F.3d 1042, 1047 (9th Cir. 2008) ("An inmate is free to decline to participate in the IFRP, but the failure either to participate or to comply with a financial plan created pursuant to the program carries certain consequences.")). Even though the Court will modify the judgment to show that the Defendant's participation is voluntary, the Court lacks the authority to override the BOP's exercise of its discretion in administering the IFRP. *United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008). If the Defendant is dissatisfied with the decision of the BOP with respect to his participation, his recourse is through an internal appeal or through a limited judicial review of the BOP's final decision that may be available under the Administrative Procedures Act, *see* 5 U.S.C. § 702. *Sawyer*, 521 F.3d at 794–95. The Government is correct in noting that the BOP is authorized to deny an inmate privileges if he refuses to participate, *see* 28 C.F.R. § 545.11, and that "[p]ayments until release should be handled through the [IFRP] rather than the court's auspices," *Sawyer*, 521 F.3d at 796.

For the foregoing reasons, the Defendant's Motion Addressing Petitioner's Right not to

Voluntarily Participate in the Bureau of Prison's I.F.R. Program [ECF No. 1715] is GRANTED IN PART and DENIED IN PART. An amended judgment will reflect that the Defendant's participation in the IFRP is voluntary.

SO ORDERED on March 17, 2011.

s/ Theresa L. Springmann<br>
THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT