UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE No.: 2:00-CR-28-18-TLS-APR |
| JAMES ERVIN | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant James Ervin's Request for Reconsideration and Relief in this Cause [ECF No. 1826] filed on December 16, 2021. The Defendant requests that the Court reconsider the filings submitted in connection with his letter filed on November 1, 2021, and order the return of his economic impact payments. For the reasons set forth below, the Court denies the Defendant's request for relief.

**BACKGROUND**

On November 21, 2003, the Defendant was found guilty on 11 counts related to his involvement in a drug-trafficking operation. ECF No. 1243; *see United States v. Ervin*, 540 F.3d 623, 624–25 (7th Cir. 2008). Following the conviction, the Court sentenced the Defendant to life in prison. *See* J. Crim. Case 3, ECF No. 1471. The Court also ordered the Defendant to pay restitution in the amount of $8,114.39 and a special assessment to the Government in the amount of $1,100.00. *Id.* at 6. A lump sum payment of $9,214.39 was due immediately, with the balance due in accordance with special instructions that the Defendant shall make restitution payments in accordance with the Bureau of Prison (BOP) Inmate Financial Responsibility Program (IFRP), that any portion of the special assessment not paid in full at the time of release shall become a condition of release, and that the Defendant shall pay $10 per month toward restitution and the special assessment. *Id.* at 7.

In 2011, the Court amended the Defendant's Judgment to reflect then-recent decisions by the Seventh Circuit holding that the IFRP is a voluntary program that the Court cannot mandate. *See* Mar. 17, 2011 Op. & Order 2–4, ECF No. 1723. As a result, the Defendant's Amended Judgment ordered that a lump sum payment of $9,214.39 was due immediately, with the balance due in accordance with the following special instructions:

> The defendant may make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program. Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision.

Am. J. Crim. Case 7, ECF No. 1724.

Recently, on November 1, 2021, the Defendant filed a Letter [ECF No. 1821] addressed to the United States Attorney's Office, seeking information about his economic impact payments and requesting that the Government return the full amount of the payment. The Court acknowledged receipt of the letter and directed the Government to file a response. Nov. 8, 2021 Order, ECF No. 1822.

On November 9, 2021, the Government filed a Response to Defendant's Objection to Treasury Offset [ECF No. 1823], explaining that the money had been taken pursuant to the Treasury Offset Program (TOP) as payment for the Defendant's outstanding restitution.

On November 29, 2021, the Defendant filed a Reply to Government's Response to his Letter Contesting Improper/Baseless Confiscation of his Economic Impact Payments [ECF No. 1824]. The Defendant responded to the Government's arguments and reiterated his request that the money be returned. The Court again issued an Order acknowledging receipt of the Defendant's reply, but this time explained that, "[b]ecause the Defendant is in communication with the United States Attorney's Office and does not specifically request relief from the Court, no further action will be taken at this time." Dec. 6, 2021 Order, ECF No. 1825.

Finally, on December 16, 2021, the Defendant filed a Request for Reconsideration and Relief in this Cause [ECF No. 1826] asking the Court to order the return of his economic impact payments. The Government did not file a response.

## ANALYSIS

"[A] restitution order is a lien in favor of the government on 'all property and rights to property' of the defendant and is treated as if it were a tax lien." *United States v. Sayyed*, 862 F.3d 615, 618 (7th Cir. 2017) (quoting 18 U.S.C. § 3613(c)). While there is certain property that is exempt, this language applies broadly and "is intended to 'reach every interest in property that a taxpayer might have.'" *Id.* at 618–19 (quoting *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 719–20 (1985)). As such, a restitution order allows the Government to "step[] into the defendant's shoes" and acquire the Defendant's rights to property. *Id.* at 619 (citing *Nat'l Bank of Com.*, 472 U.S. at 725).

In this case, the Defendant's economic impact payments were taken pursuant to the TOP, which is "a centralized program by the Department of the Treasury to help federal agencies collect delinquent debts owed to the federal government." *Omegbu v. U.S. Dep't of Treasury*, 118 F. App'x 989, 990 (7th Cir. 2004). Under the TOP, the Treasury Department withholds funds that would otherwise be paid out by federal agencies as a way to pay off an individual's non-tax debts. *Reeves v. Astrue*, 526 F.3d 732, 738 n.3 (11th Cir. 2008); *see Johnson v. United States*, No. 13-cv-2839, 2018 WL 5919475, at *2 (N.D. Ill. Nov. 7, 2018). With limited exceptions, "all Federal payments are eligible for offset." 31 C.F.R. § 285.5(e)(1).

In his filings, the Defendant raises various arguments as to why offset is improper, but none of them warrant the relief he seeks. First, the Defendant argues that the economic impact payments were not "wages" paid to the IFRP and therefore cannot be collected under the

restitution order. However, the Court's reference to "wages" in the restitution order relates directly to the Defendant's participation in the IFRP and nothing more. *See* Am. J. Crim. Case 7 ("The defendant may make restitution payments from any wages he may earn in prison in accordance with the Bureau of Prisons Financial Responsibility Program."). The Court did not say that restitution would be collected *exclusively* through wages he earns in prison and pays to the IFRP. Indeed, that would contradict both the Court's order that restitution be paid immediately, *see* J. Crim. Case 6; Am. J. Crim. Case 6, as well as the general view that restitution payments should be immediate and prompt. *See United States v. Wykoff*, 839 F.3d 581, 582 (7th Cir. 2016) ("The federal criminal code *requires* that restitution be paid immediately unless the district court provides otherwise."); *United States v. Sawyer*, 521 F.3d 792, 795 (7th Cir. 2008) (explaining that "any existing assets should be seized promptly" in order to pay off restitution).

Moreover, even though the Court sought to encourage (since it could no longer require) the Defendant's participation in the IFRP, that would not change the Government's ability to collect restitution. This is because the IFRP and "the government's ability to collect restitution are not mutually exclusive." *United States v. Lemberger*, 673 F. App'x 579, 580 (7th Cir. 2017). The law states that the Government may collect restitution by the means provided in 18 U.S.C. §§ 3571–3574, 3611–3615, as well as "by all other available and reasonable means." *Id.* (quoting 18 U.S.C. § 3664(m)(1)(A)(ii)). Thus, the Government's use of the TOP to collect funds for the Defendant's restitution was proper regardless of his compliance with the IFRP.

Second, the Defendant argues that, because he has been making payments to the IFRP, he does not have "delinquent debt" subject to offset under the TOP. According to the regulations pertaining to administrative offset, a debt is "delinquent" if it "has not been paid by the date

4

specified in the . . . applicable agreement or instrument . . . , unless other payment arrangements satisfactory to the creditor agency have been made." 31 C.F.R. § 285.5(b); *see also* 31 U.S.C. § 3716(c)(6)(A) (requiring agencies to notify the Treasury Department when a nontax debt is over 120 days delinquent). Similarly, under the statute governing the imposition of fines and restitution, a "payment of restitution is delinquent if a payment is more than 30 days late," and a "payment of restitution is in default if a payment is delinquent for more than 90 days." 18 U.S.C. § 3572(h)–(i). Here, the Court ordered that restitution and the special assessment were "due immediately" as a lump sum payment. *See* J. Crim. Case 6; Am. J. Crim. Case 6. Even though the Defendant continues to make monthly payments to the IFRP, that does not affect his original obligation to make full payment at the time restitution was imposed. *See United States v. Fariduddin*, 469 F.3d 1111, 1112–13 (7th Cir. 2006) (concluding that there is no contradiction between requiring restitution to be paid immediately and setting minimum installment payments); *see also Johnson*, 2018 WL 5919475, at *3. Since full payment of restitution was due on December 21, 2005—the date of the original judgment—his obligation to pay restitution is "delinquent" and subject to offset under the TOP. *See Johnson*, 2018 WL 5919475, at *3.

   Third, the Defendant broadly contends that the economic impact payments should be exempt from offset because (1) the American Rescue Plan Act did not specifically address offset and (2) the Debt Collection Improvement Act, through which the TOP was established, would not have foreseen the circumstances giving rise to the economic impact payments. However, simply because the legislation did not (or could not) foresee the circumstances surrounding the economic impact payments, that does not mean this Court should ignore the statues, regulations, and caselaw governing restitution and offset. *Cf. White v. United Airlines, Inc.*, 987 F.3d 616, 624 (7th Cir. 2021) (explaining that it does not matter whether specific applications were

anticipated because "[t]he limits of the drafters' imagination supply no reason to ignore the law's demands" (quoting *Bostock v. Clayton County*, 140 S. Ct. 1731, 1737 (2020))). As discussed, the laws and regulations speak broadly as to the Government's ability to acquire the Defendant's property for restitution, *see Sayyed*, 862 F.3d at 618–19, and to the range of federal payments subject to offset, *see Reeves*, 526 F.3d at 738 n.3. Furthermore, the law lays out what is exempted from restitution and offset, none of which apply to the economic impact payments. *See* 18 U.S.C. § 3613(a)(1) (stating that property listed in 26 U.S.C. § 6334(a)(1)–(8), (10), (12), is exempt from restitution); 31 C.F.R. § 285.5(e)(2) (listing federal payments exempt from offset). In light of these frameworks governing restitution and administrative offset, the Court declines the Defendant's offer to create a new exemption solely for the economic impact payments.

Finally, the Defendant briefly argues in his initial letter that the United States Attorney's Office cannot collect the money because his judgment only allows for BOP to act as a "creditor collector." *See* Def. Letter 1. This argument misconstrues the restitution order. The Court referenced the BOP because the IFRP is a BOP program. Nothing in those special instructions can (or should) be read as prohibiting the United States Attorney's Office from collecting restitution. The law empowers the United States Attorney's Office to enforce restitution orders, *see* 18 U.S.C. § 3613, and the Court's restitution order did not change that.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES the Defendant James Ervin's Request for Reconsideration and Relief in this Cause [ECF No. 1826].

SO ORDERED on January 13, 2022.

    s/ Theresa L. Springmann
    JUDGE THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT