# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:00-CR-28-18-TLS-APR |
| JAMES ERVIN | |

## OPINION AND ORDER

This matter is before the Court on Defendant James Ervin's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 1836], filed on August 13, 2024. Defendant Ervin seeks compassionate release due an unusually long sentence. For the reasons set forth below, the Court denies the Defendant's request.

## BACKGROUND

On November 21, 2003, a jury returned a verdict of guilty as to Counts 1, 10, and 23–31. *See* ECF No. 1243. On December 2, 2005, the Court sentenced the Defendant to a term of life imprisonment for Counts 1 and 10, among other concurrent sentences for other Counts. *See* ECF No. 1461. The Defendant has now filed a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 1836]. The Government filed a Motion for Extension to Response to Defendant's Motion for Sentence Reduction [ECF No. 1838], requesting that the Court permit it to file a response on September 23, 2024, which the Court granted, *see* Aug. 29, 2024 Order, ECF No. 1839. The Government has filed its Response [ECF No. 1840]. The Defendant then filed a Letter [ECF No. 1843] acknowledging that he received the Government's Response, emphasizing that his Letter was not a reply, and requesting a "filing schedule" and that the Court rule on his request to appoint counsel. On November 6, 2024, the Court entered an Order setting a deadline of December 6, 2024 for the Defendant to file his reply, which was mailed to the

Defendant. Nov. 6, 2024 Order, ECF No. 1844.[1] The Defendant has not filed a reply, and the time to do so has passed.

## ANALYSIS

Following the imposition of a sentence, a court may not modify the term of imprisonment absent specific circumstances enumerated in 18 U.S.C. § 3582(c). The parties do not appear to dispute that the Defendant has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (recognizing that "in 2018 the First Step Act created a judicial power to grant compassionate release on a prisoner's own request"). The Court, therefore, proceeds to the merits of the Defendant's motion. *See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) ("[T]he exhaustion requirement in § 3582(c)(1)(A) is an affirmative defense, not a jurisdictional prerequisite . . . ." (citing *Gunn*, 980 F.3d at 1181)).

"A motion for compassionate release involves a two-step inquiry: one, did the prisoner present an extraordinary and compelling reason for release, and two, is release appropriate under § 3553(a)." *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021) (citing *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)); *see also* 18 U.S.C. § 3582(c)(1)(A). It is the Defendant's burden to establish the extraordinary and compelling reasons warranting a sentence reduction. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). In assessing the § 3553(a) factors, a court considers:

> the nature and circumstances of the offense and history and characteristics of the defendant; the need for the sentence to reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant; and the kinds of sentences and sentencing range for the applicable category of offense committed.

---

[1] On November 7, 2024, the Defendant sent another Letter following up on his § 3582 motion, which was sent before he received the Court's November 6, 2024 Order.

*United States v. Pena*, No. 2:15-CR-72, 2020 WL 3264113, at *2 (N.D. Ind. June 17, 2020) (citing 18 U.S.C. § 3553(a)). A court considers the § 3553(a) factors only "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

A.   **Extraordinary and Compelling Reasons**

While the statute does not define "extraordinary and compelling reasons," Congress tasked the United States Sentencing Commission with explaining these terms by promulgating general policy statements on the sentencing modification provisions in 18 U.S.C. § 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide "extraordinary and compelling reasons" for a reduction in sentence. *See* U.S. Sentencing Guidelines Manual § 1B1.13. These six circumstances are:

- certain medical circumstances of the defendant, *id*. § 1B1.13(b)(1);
- the defendant's age, *id*. § 1B1.13(b)(2);
- the defendant's family circumstances, *id*. § 1B1.13(b)(3);
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id*. § 1B1.13(b)(4);
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above, *id*. § 1B1.13(b)(5); and
- the defendant received an unusually long sentence, *id*. § 1B1.13(b)(6).

The Defendant argues for compassionate release based only on § 1B1.13(b)(6) for what he believes is an unusually long sentence. The federal sentencing guidelines provide:

> If a defendant received *an unusually long sentence* and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id*. § 1B1.13(b)(6) (emphasis added).

3

In this case, although the Defendant has served at least ten years of imprisonment, the Defendant has identified no change in the law that would result in a different sentence than the one he received. *See United States v. Nunez*, No. 1:04-CR-161, 2024 WL 51189, at *3 (S.D. Ind. Jan. 3, 2024) (denying request for compassionate relief because the defendant "has not pointed to any specific change in the law that would result in a different sentence than the one he received"). The Defendant consequently fails to carry his burden of showing extraordinary and compelling reasons to justify his release. *See Newton*, 996 F.3d at 488.

**B.     Consideration of the § 3553(a) Factors**

In the instant case, the § 3553(a) factors also heavily weigh in favor of denying the Defendant's Motion. The Defendant was the "muscle" of a large, sophisticated drug-trafficking organization. *See United States v. Ervin*, 540 F.3d 623, 625 (7th Cir. 2008). The Defendant was convicted of engaging in a conspiracy to murder and rob two members of a rival drug trafficking ring: with some assistance from co-conspirators, he used his position as a police officer to stop the members' car, he strangled them, he loaded their bodies into the trunk of the car, and then he set the car on fire to conceal the evidence of his crimes. *Id*. at 626.

The Defendant reports that he has had no disciplinary incidents and has enrolled in continuing education programs. *See* Def. Mot. at 24, ECF No. 1836. Although the Defendant's recent behavior is admirable, it is insufficient to outweigh the nature and circumstances of the underlying offense. Accordingly, the § 3553(a) factors do not warrant a reduced term of imprisonment. *See United States v. Levine*, No. 2:91 CR 3, 2020 WL 2537786, at *4 (N.D. Ind. May 19, 2020) (denying compassionate release to an inmate serving a life sentence for federal murder, highlighting the nature of the offense as weighing against release).

Based on the Defendant's specific circumstances and the above-described factors, the Court finds that a reduced term of imprisonment under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is not warranted.

## C.     Appoint Counsel

To the extent that the Defendant requests that the Court appoint counsel, it is well established that there is no constitutional right to counsel to aid in the pursuit of compassionate release under 18 U.S.C. § 3582(c). *United States v. Filbey*, No. 2:13-CR-26, 2020 WL 3468181, at *1 (N.D. Ind. June 25, 2020). Nevertheless, "[h]ow a district judge elects to consider a § 3582(c) motion to reduce a sentence is largely a matter of discretion. The judge can appoint counsel for a movant, but need not do so." *States v. Tidwell*, 178 F.3d 946, 949 (7th Cir. 1999). Here, the Defendant has not provided a reason for the Court to appoint counsel. And, as discussed above, the Court finds no merit in Defendant's motion for compassionate release. Accordingly, the Court denies the Plaintiff's request for appointment of counsel.

## CONCLUSION

For the foregoing reasons, the Court DENIES the relief requested in the Defendant James Ervin's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 1836]. The Motion is denied without prejudice and with leave to refile should there be a change of circumstances involving the Defendant. The Government's Motion to Seal [ECF No. 1841] is GRANTED. The Court DIRECTS the Clerk of Court to maintain the Sealed Document [ECF No. 1842] under seal.

SO ORDERED on December 16, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT