**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

UNITED STATES OF AMERICA

v.                                                    CAUSE NO.: 2:00-CR-28-18-TLS-APR

JAMES ERVIN

**OPINION AND ORDER**

This matter is before the Court on Defendant James Ervin's Motion for Sentence

Reduction Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 1856], filed on January 21, 2026.

Defendant Ervin seeks compassionate release due an unusually long sentence. For the reasons set

forth below, the Court denies the Defendant's request.

**BACKGROUND**

On November 21, 2003, a jury returned a verdict of guilty as to Counts 1, 10, and 23–31.

*See* ECF No. 1243. On December 2, 2005, the Court sentenced the Defendant to a term of life

imprisonment for Counts 1 and 10, among other concurrent sentences for other Counts. *See* ECF

No. 1461. The Defendant has now filed a Motion for Sentence Reduction Under 18 U.S.C.

§ 3582(c)(1)(A) [ECF No. 1856]. The Government filed a Motion for Extension to Respond to

Defendant's Motion for Sentence Reduction [ECF No. 1860], requesting that the Court permit it

to file a response on May 1, 2026, which the Court granted, *see* Mar. 27, 2026 Order, ECF No.

1861. The Government has filed its Response [ECF No. 1862]. The Defendant then filed a reply

[ECF No. 1863].

**ANALYSIS**

Following the imposition of a sentence, a court may not modify the term of imprisonment

absent specific circumstances enumerated in 18 U.S.C. § 3582(c). The parties do not appear to

dispute that the Defendant has exhausted his administrative remedies under 18 U.S.C.

§ 3582(c)(1)(A). *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (recognizing

that "in 2018 the First Step Act created a judicial power to grant compassionate release on a

prisoner's own request"). The Court, therefore, proceeds to the merits of the Defendant's motion.

*See United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021) ("[T]he exhaustion requirement

in § 3582(c)(1)(A) is an affirmative defense, not a jurisdictional prerequisite . . . ." (citing *Gunn*,

980 F.3d at 1181)).

 "A motion for compassionate release involves a two-step inquiry: one, did the prisoner

present an extraordinary and compelling reason for release, and two, is release appropriate under

§ 3553(a)." *United States v. Kurzynowski*, 17 F.4th 756, 759 (7th Cir. 2021) (citing *United States

v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021)); *see also* 18 U.S.C. § 3582(c)(1)(A). It is the

Defendant's burden to establish the extraordinary and compelling reasons warranting a sentence

reduction. *See United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). In assessing the

§ 3553(a) factors, a court considers:

> the nature and circumstances of the offense and history and characteristics of the
> defendant; the need for the sentence to reflect the seriousness of the offense, afford
> adequate deterrence to criminal conduct, and protect the public from further crimes
> of the defendant; and the kinds of sentences and sentencing range for the applicable
> category of offense committed.

*United States v. Pena*, No. 2:15-CR-72, 2020 WL 3264113, at *2 (N.D. Ind. June 17, 2020)

(citing 18 U.S.C. § 3553(a)). A court considers the § 3553(a) factors only "to the extent that they

are applicable." 18 U.S.C. § 3582(c)(1)(A).

**A. Extraordinary and Compelling Reasons**

 While the statute does not define "extraordinary and compelling reasons," Congress

tasked the United States Sentencing Commission with explaining these terms by promulgating

general policy statements on the sentencing modification provisions in 18 U.S.C.

§ 3582(c)(1)(A). 28 U.S.C. § 994(t). Under that authority, the Sentencing Commission issued a

Policy Statement on § 3582(c)(1)(A), which provides six circumstances that may provide

"extraordinary and compelling reasons" for a reduction in sentence. *See* U.S. Sentencing

Guidelines Manual § 1B1.13. These six circumstances are:

- certain medical circumstances of the defendant, *id*. § 1B1.13(b)(1);
- the defendant's age, *id*. § 1B1.13(b)(2);
- the defendant's family circumstances, *id*. § 1B1.13(b)(3);
- the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction, of a correctional officer, *id*. § 1B1.13(b)(4);
- any other circumstances or combination of circumstances similar in gravity to the circumstances listed above, *id*. § 1B1.13(b)(5); and
- the defendant received an unusually long sentence, *id*. § 1B1.13(b)(6).

The Defendant argues for compassionate release based only on § 1B1.13(b)(6) for what

he believes is an unusually long sentence. The federal sentencing guidelines provide:

> If a defendant received *an unusually long sentence* and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id*. § 1B1.13(b)(6) (emphasis added).

In this case, although the Defendant has served at least ten years of imprisonment, the

Defendant has not identified a change in the law that would result in a different sentence than the

one he received and that would produce *a gross disparity* between the sentence being served and

the sentence likely to be imposed at the time his motion was filed. *See United States v. Nunez*,

No. 1:04-CR-161, 2024 WL 51189, at *3 (S.D. Ind. Jan. 3, 2024) (denying request for

compassionate relief because the defendant "has not pointed to any specific change in the law

3

that would result in a different sentence than the one he received"); U.S. Sentencing Guidelines

Manual § 1B1.13(b)(6).

In its response, the Government states:

> If Ervin were sentenced today, he would likely receive a life sentence. Ervin was sentenced on 11 counts of conviction. *See* DE # 1471, Judgment. He received six life sentences. All of these life sentences were discretionary; none had a mandatory penalty of life imprisonment. Four of the sentences were for causing the death of another while engaged in a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A). At the time of sentencing, this crime had a mandatory minimum penalty of 20 years imprisonment and a maximum of life imprisonment or the death penalty. This statute still has the same penalties today. Moreover, the guidelines still recommend a life sentence for the defendant's two premeditated killings. U.S.S.G. § 2A1.1 & n.2(A). A police officer sentenced today for intentionally strangling a drug dealer to death would likely receive a life sentence.

Resp. 8–9, ECF No. 1862.

In his reply, the Defendant asserts that there is a disparity in that at sentencing the Court

stated the Defendant would receive the minimum but he received the maximum sentence.

However, the Defendant does not cite to the sentencing transcript nor does he cite to any

pertinent legal authority that supports such a disparity as the basis for a reduction in sentence.

Thus, the Defendant consequently fails to carry his burden of showing extraordinary and

compelling reasons to justify his release. *See Newton*, 996 F.3d at 488. Therefore, the Court need

not address the Government's argument that the U.S. Sentencing Guidelines Manual §

1B1.13(b)(6) is invalid.

**B.     Consideration of the § 3553(a) Factors**

In the instant case, the § 3553(a) factors also heavily weigh in favor of denying the

Defendant's Motion. The Defendant was the "muscle" of a large, sophisticated drug-trafficking

organization. *See United States v. Ervin*, 540 F.3d 623, 625 (7th Cir. 2008). The Defendant was

convicted of engaging in a conspiracy to murder and rob two members of a rival drug trafficking

ring: with some assistance from co-conspirators, he used his position as a police officer to stop the members' car, he strangled them, he loaded their bodies into the trunk of the car, and then he set the car on fire to conceal the evidence of his crimes. *Id*. at 626.

The Defendant reports that he has had no disciplinary incidents, maintained employment, and completed continuing education. *See* Def. Mot. at 12, ECF No. 1858. Although the Defendant's recent behavior is admirable, it is insufficient to outweigh the nature and circumstances of the underlying offense. Accordingly, the § 3553(a) factors do not warrant a reduced term of imprisonment. *See United States v. Levine*, No. 2:91 CR 3, 2020 WL 2537786, at *4 (N.D. Ind. May 19, 2020) (denying compassionate release to an inmate serving a life sentence for federal murder, highlighting the nature of the offense as weighing against release).

Based on the Defendant's specific circumstances and the above-described factors, the Court finds that a reduced term of imprisonment under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) is not warranted.

**C.    Appoint Counsel**

The Defendant requests that the Court appoint counsel. However, it is well established that there is that there is no constitutional or statutory right to counsel to aid in the pursuit of compassionate release under 18 U.S.C. § 3582(c). *United States v. Filbey*, No. 2:13-CR-26, 2020 WL 3468181, at *1 (N.D. Ind. June 25, 2020). And, it is undecided in the Seventh Circuit whether the Criminal Justice Act, 18 U.S.C. § 3006A, "permits a court to appoint counsel at public expense . . . for defendants . . . who are seeking a reduction of their sentences under 18 U.S.C. § 3582." *United States v. Bonds*, 121 F.4th 1129, 1131 (7th Cir. 2024) (citing *United States v. Foster*, 706 F.3d 887, 888 (7th Cir. 2013); *United States v. Guerrero*, 946 F.3d 983, 985 (7th Cir. 2020)). Even if it were permitted, here the Defendant has not provided a reason for the

Court to appoint counsel. Also, the Court finds that the Defendant has adequately albeit unsuccessfully presented his arguments without the assistance of counsel as discussed above. Accordingly, the Court denies the Plaintiff's request for appointment of counsel.

**CONCLUSION**

For the foregoing reasons, the Court DENIES the relief requested in the Defendant James Ervin's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) [ECF No. 1856]. The Motion is denied without prejudice and with leave to refile should there be a change of circumstances involving the Defendant.

SO ORDERED on July 13, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT